J-A31020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN REYNOLDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA NATIONAL MUTUAL | : | No. 1286 EDA 2017 |
| CASUALTY INSURANCE COMPANY | : | |
| A/K/A PENN NATIONAL INSURANCE | : | |
| COMPANY | : | |

Appeal from the Order Entered March 16, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 150602031

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 13, 2018**

Appellant, John Reynolds, appeals from the order entered on March 16, 2017.  The subject order granted the motion for summary judgment that was filed on behalf of Pennsylvania National Mutual Casualty Insurance Company a/k/a Penn National Insurance Company (hereinafter "Penn National") and dismissed the action.  We affirm.

The trial court has ably summarized the underlying facts and procedural posture of this case.  As the trial court explained:

> [Penn National] issued [Appellant] an all-risk business insurance policy (the "Policy") . . . , with a limit of [$2,403,226.00], on December 7, 2013.  This policy was in effect at the time of the water damage occurrence in this case.  The Policy contains exclusions for damage to the interior of the structure caused by rain, except where the rain entered as a result of damage caused by a covered

_____
*   Former Justice specially assigned to the Superior Court.

cause of loss; and for loss or damage caused by water, interior or exterior. However, there is an endorsement allowing coverage of up to [$100,000.00] for water damage caused by a backed up sewer, drain, or sump pump.[1]

On July 15, 2014, there was a significant rainstorm in Philadelphia. The next day, [Appellant] filed for first-party benefits for flooding damage to the interior of the building. [Appellant] made a claim for water damage to all four floors and the basement of the property, along with computers in the building. On July 24, 2014, Michael Danilla, an adjuster working for [Penn National] inspected the premises.

On July 27, 2014, [Penn National] sent a reservation of rights letter to [Appellant], stating that [Penn National] would investigate the cause of loss and assign an expert to examine the roof. On August 4, 2014, Keith Bergman, P.E., inspected the roof. His report, dated August 7, 2014, stated that the roof appeared to be in good condition with no evidence of water penetration into the building. Accordingly, on August 26, 2014, [Penn National] sent [Appellant] a denial letter.

An employee of [Appellant] by the name of Ray Griffiths subsequently reported that he had gone to the building during the storm and saw flooding inside. Griffiths said that he went upstairs on the roof and saw a blocked drain that had accumulated approximately 18 inches of water around it. Griffiths removed the debris that had clogged the roof and the water drained away.

In [October 2014, Appellant] requested reconsideration of the claim denial. [Appellant] advised [Penn National] that [he] would be hiring [his] own engineer to examine the property. In correspondence, [Griffiths'] report was disclosed. On October 28, 2014, [Appellant's] expert, Charles Penza, examined the roof and issued a report stating that the plugged drain caused a backup of rainwater on the roof, resulting in water penetration through a

---

[1] We quote the relevant portions of the Policy in the Appendix to this memorandum.

shingled party wall. There was no finding of physical damage to the roof or party wall.

Based on this new information, on January 29, 2015, [Penn National] reconsidered its denial of coverage and granted limited coverage in the amount of [$100,000.00] under the Policy's Businessowners Pennpac Deluxe Endorsement. This coverage was for damage caused by backed up sewers and drains.

[Appellant] was not satisfied and filed an initial complaint on July 16, 2015. He filed a Second Amended Complaint on November 21, 2015.

Trial Court Opinion, 3/16/17, at 1-3 (some internal citations and capitalization omitted).

Appellant's complaint contained two claims: breach of contract and bad faith. In essence, Appellant claimed that Penn National breached the Policy by failing to pay for all of the losses he sustained and that Penn National's refusal to pay under the Policy constituted bad faith. *See* Appellant's Second Amended Complaint, 11/21/15, at 3-5.

At the conclusion of discovery, Penn National filed a summary judgment motion and requested that the trial court grant it summary judgment on both of Appellant's claims and dismiss Appellant's complaint. According to Penn National, there was no genuine issue of material fact in this case, as it was undisputed that Appellant's loss was caused by rainwater "backing up from the [roof] drain and seeping through the shingled party wall." *See* Penn National's Motion for Summary Judgment, 9/6/16, at ¶ 36. Therefore, Penn National claimed, it fulfilled its contractual obligations when it paid Appellant the $100,000.00, in accordance with the "Businessowners

Pennpac Deluxe Endorsement." Penn National claimed it was not liable for the remainder of Appellant's losses, as the Policy's "rainwater limitation" and "water exclusion" provisions limited Penn National's liability to the $100,000.00 it had already paid. *See id.* at 1-9.

On October 6, 2016, Appellant filed a cross-motion for summary judgment, where he requested judgment in his favor on both of his claims. *See* Appellant's Answer and Cross-Motion for Summary Judgment, 10/6/16, at 1-7.

On March 16, 2017, the trial court entered an order, which denied Appellant's cross-motion for summary judgment, granted Penn National's summary judgment motion, and dismissed Appellant's complaint. Trial Court Opinion and Order, 3/16/17, at 1-6.

Appellant filed a timely notice of appeal. Appellant raises two claims:

> [1.] Whether the trial court erred in granting summary judgment in favor of [Penn National] when the undisputed evidence showed the damage to the insured premises for which [Appellant] made claim under [Penn National's] insurance policy was caused by water damage caused by a clogged roof drain that was not excluded under [Penn National's] insurance policy it issued to [Appellant?]
>
> [2.] Whether the trial court erred in not granting summary judgment in favor of [Appellant] when the undisputed evidence showed the damage to the insured premises for which [Appellant] made claim under [Penn National's] insurance policy was caused by water damage caused by a clogged roof drain that was not excluded under [Penn National's] insurance policy it issued to [Appellant?]

Appellant's Brief at 2-3.

- 4 -

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Ramy I. Djerassi. We conclude that there has been no error in this case and that Judge Djerassi's opinion, entered on March 16, 2017, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Djerassi's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Djerassi's opinion.

Order affirmed. Jurisdiction relinquished.

Panella, J., concurs in the result.

Stevens, P.J.E., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/18

## Appendix

In relevant part, the Policy declares:

BUSINESSOWNERS COVERAGE FORM

. . .

SECTION 1 – PROPERTY

A. Coverage
We will pay for direct physical loss of or damage to Covered Property at the premises . . . caused by or resulting from any Covered Cause of Loss

. . .

3. Covered Causes of Loss
Risks of direct physical loss unless the loss is:
a. Excluded in Paragraph B. Exclusions in Section 1; or

b. Limited in Paragraph 4. Limitations in Section 1.

4. Limitations
a. We will not pay for loss of or damage to:

. . .

(5) The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
(a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(b) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

. . .

B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.  Those exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . .

g. Water[2]

. . .

(3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment. . .

. . .

This exclusion applies regardless of whether any of the above, in Paragraphs 1. through 5., is caused by an act of nature or is otherwise caused.  An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs 1. through 5., results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

. . .

BUSINESSOWNERS
PENNPAC DELUXE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

---

[2] A Water Exclusion Endorsement modified the Policy's original water exclusion.  In quoting the Policy, we have included the language contained in the Water Exclusion Endorsement.

Section 1 – PROPERTY is amended as follows:

. . .

II. COVERAGE SUBJECT TO BLANKET LIMIT
    A. Blanket Limit of Insurance - $100,000

The most we will pay for loss or damage under the following Additional Coverages and Coverage Extensions is $100,000 in total in any one occurrence:

    1. Back Up of Sewers and Drains

. . .

B. Additional Coverages

The following are added to Paragraph A.5. Additional Coverages:

Back Up of Sewers and Drains

We will pay for loss or damage to Covered Property caused by a back up from a sewer or drain or an overflow from a sump within a building at the described premises provided:
    (a) The back up or overflow is not expected or intended from your standpoint; and

    (b) The expenses must be reported to us in writing no later than 90 days after the occurrence.

The Policy at 18, 33, 34, 35, 50, and 90.

THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| JOHN REYNOLDS, | | JUNE TERM, 2015 |
| Plaintiff, | | |
| | | No. 203) |
| | | Commerce Program |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | | |
| Defendant. | | Control No. 16090583 |

OPINION

Defendant's motion for summary judgment arises from a water damage incident at a building located at 1 15 Chestnut Street, Philadelphia (the Property) owned by Plaintiff John Reynolds. Plaintiff has brought claims for breach of contract and insurance bad faith against its defendant insurer, Pennsylvania National Mutual Casualty Insurance Company ("Pa. National Mutual"). For reasons explained here, defendant's summary judgment motion is granted on both counts, and plaintiff's cross-motion are denied.

The facts are as IUHows. Defendant issued Plaintiff an all-risk business insurance policy (the "Policy"), numbered BP9 0669079, with a limit of ¦2,403,226, on December 7. 2013. This policy was in cftèct at. the time o/Ïthe water damage occurrence in this case. The Policy contains exclusions    damage to the interior of the structure caused by rain, except where the rain entered as a result ol' damage caused by a covered cause of' loss (Policy, page ¦ 000034-35); and

1

IOr loss or damage caused by water, interior or exterior. (Policy ɔ.000050). However, there is an endorsement allowing coverage of" up to $1         tor water damage caused by a backed up sewer,         or sump pump (Policy, Businessowners' PennPAC Deluxe Endorsement, page 000050),

On July 15, 2014, there was a significant rainstorm in Philadelphia. The next day, Plaintiff filed for first-party benefits for flooding damage to the interior of the building. Plaintiff made a claim for water damage to all four fl(jors and the basement of the propefty, along with computers in the building. On July 24, 2014, Michael Danilla, an Adjuster working for defendant, Pa. National Mutual inspected the premises.

On July 27. 2014, MC. Danilla sent a reservation of rights letter to MLA Claims, PlaintilTs representative, stating that Pa. National Mutual would investigate the cause of loss and assign an expert to examine the roof. On AuguŠt 4, 2014, Keith Bergman, P.E.. inspected the roof. His report, dated August 7, 2014, stated that the roof appeared to be in good condition with no evidence of water penetration into the building. Accordingly, on August 26, 2014, Defendant sent MLA Claims a denial letter.

An employee of Plaintiff by the name of Ray Griffiths subsequently reported that he had gone to the building during the storm and saw flooding inside. Griffiths said that he went upstairs on the roof and saw a blocked drain that had accumulated approximately 1 8 inches of water around it. Griffiths removed the debris that had clogged the roof and the water drained away.

In October, 20 4, on behalf of Plaintiff, MLA Claims requested reconsideration ol' the claim denial. MLA Claims advised Pa. National Mutual that it would be hiring its own engineer to examine the property- In correspondence, Griffith's report was disclosed. On October 28,

2

2014, Plaintiffs expert, Charles Penza, examined the roof and issued a report slating thal lhc plugged drain caused a backup of rainwater on the roof, resulting in water penetration through a shingled party wall. There was no finding of physical damage to the roof or party wall. Based on this new information, on January 29, 2015, defendant Pa. National Mutual reconsidered its denial of coverage and granted limited Coverage in the amount of $100.000 under the Policy's Businessowners Pennpac Deluxe Endorsement. This Coverage was for damage caused by backed up sewers and drains.

Plaintiff was not satisfied and filed an initial complaint on July 16. 2015. He filed a Second Amended Complaint on November 21, 2015. Defendant's Summary Judgment Motion was filed on September 6, 2016. In his responses Plaintiff included his own Cross-Motion for Summary Judgment. For the reasons which follow, Defendant's Motion is granted and Plaintiffs Cross-Motion is denied.

1.     Discussion.

"When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could bc established by additional discovery." 'In considering whether there exists a genuine issue of material fact, the court does not weigh the evidence, but determines whether a reasonable jury, faced with the evidence presented, could return a verdict the non-moving party.' [2]

a. Breach of Contract.

Plaintiff argues that by Failing to provide full coverage for the damage to the interior of the Property, Defendant breached its confract. Wc disagree.

---

[i] <u>Varner-Mon v. Kap(hammer</u>, 2015 PA Super 14, 109 A,3d 244, 246 (2015).

² 401 Fourth st.. Inc. v. Investors Ins. Grp., 583 Pa. 445, 461, 879 A.2d 166.        (2005),

"[T]hree elements are necessary to plead a cause of action for breach of contract: (I ) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages. " [1] Plaintiff fails to provide evidence of a contract breach.

The Policy excludes damage to the interior of the structure caused by rain, except where the rain entered as the result of damage caused by a covered cause of Joss. Further, the Policy excludes all loss or damage caused by water, interior or exterior, The exception is water damage caused by a backed up sewer, drain, or sump pump, for which there is a specific endorsement allowing coverage of up to $100,00

The expert reports produced by Penza (Plaintiffs expert) and Bergman (Defendant's expert) agree that there was no visible damage to the roof. Bergman's analysis, written before the parties were made aware of Griffith's report of a clogged roof drain, is clear there was no evidence Of water penetration through the roof: Bergman had also observed that the roof itself was in good condition after the rainstorm. Bergman's opinion was that the damage was not caused by a single event, but was the result of a longstanding problem. Penza's report cites the clogged roof drain, and states an opinion that backed up water on the roof caused water to penetrate the party wall. Penza believed this was a one-time flooding event,

Although the parties' experts disagree on the exact way the water damage took place, they both agree that the water did not enter through the roof. Nor did either find actual physical damage to the roof or party wall that warranted repair. The only cause of the water damage according to both experts was the clogged roof drain.

---

[1] Meyer, I.)arragil. Buckler, Bebenek & Eck P.L.L.C. v. Malone Middleman P.C., t37 A.3d 1247, 1258 (Pa. 2016).

4

Plaintiff therefore has not has produced evidence that the flooding was the result of any damage covered by the Policy beyond $100,000. As defendant Pa. National Mutual has paid $100,000 as required, there is no breach ot• contract.

b. Bad Faith.

Defendant is also granted summary judgment on Plaintiff's claim for bad faith.

In order •to prevail on a claim for insurance bad an insured must show that "the insurer did not have a reasonable basis for denying benefits under (he policy and that the insurer knew of, or recklessly disregarded, that it lacked reasonable basis in denying the claim "4 The refusal to pay need not be fraudulent, but rnust be more than merely negligent or demonstrating bad judgment? Moreover, "[blad faith must be established by clear and convincing evidence. "Ó

Plaintiff has simply provided no evidence of bad faith in Defendant's refusal to pay more than Sl 00,000, Pa. National Mutual's employee, Mr. Danilla, inspected the premises and then hired Mr. Bergman to re-inspect. Later, when given evidence that the damage had been caused by a clogged drain, Defendant paid the Policy limits for that loss. Pa. National Mutual' s interpretation of the Policy is reasonable and does not constitute bad faith because the Policy clearly states an exclusion for interior water damage caused by rain, except when the flooding is caused by a backed up drain on the roof. As this is what happened during the December 7, 2013 rainstorm, Defendant's Motion (Or Summary Judgment is granted and Plaintiffs Cross-Motion for Summary Judgment is denied.

---

" Berg v. Nationwide Milt. Ins. Co. 2012 PA Super 88, 44 A-3d 164, 1 171 (20 2) (internal citations omitted).

b Idr

[6] Johnson v. Progressive Ins. co., 2009 PA super 255, 1 1, 987 A.2d 78 1 ,384 (2009)..

Il.     Conclusion.

For the reasons©xplained above, Defendant's Motion for Summary Judgment is

GRANTED and Plaintiffs Cross- Motion for Summary Judgment is DENIED. The casc is

DISMISSED.


BY THE COURT;


RAMY I. DJERASSI, J.

THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF
PENNSYLVANIA CIVIL TRIAL DIVISION

APR – 7 2017
R. POSTELL
COMMERCE PROGRAM

JOHN REYNOLDS,                           :        JUNE TERM, 2015

                Plaintiff,              **DOCKETED**

    No. 2031

                                  PENNSYLV

CASUALTY INSURANCE COMPANY,   :

                                 NATIONAL

                Defendant.     :        Control No. 17033576
MUTUAL Commerce Program

---

ORDER

AND NOW, this day of April, 2017, in response to the Plaintiff's Motion for Reconsideration, Defendant's response thereto, and the memoranda in support and in opposition, it is hereby ORDERED as follows;

    The Motion for Reconsideration is DENIED. [J]

BY THE COURT:

RAMY I. DJERASSI, J.

Reynolds Vs Pennsylvani-ORDLLžR



15060203100066

---

[1] Plaintiff has pointed out some mir some minor errors in the Court's Opinion. however they are not material to the ruling..

which remains. Reconsideration is appropriate jfa party can point to •new and material evidence or täcts, a change in the controlling law ov a clear error in applying the l idC1s or law 10 the case;dl hand ..Mere disagreement with Ihc court'* conclusion is not a basis for reconsideration." <u>Scat-telli Gen. ContraçÇprs Inc. v. Selective Way Ins. Co.</u> i No. 2006 CV 4193, 2008 WL 5575968 (Pa. Com. Pl. sept. 9, 2008).

Ptaintiff can point to no alew facts or material errors: rather, he rehashes arguments alreadyxejectecl by The court. Accordingly, recony;ideration is denied.